UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

ERIC BAINES,                                   CASE NO.:

        Plaintiff,

vs.

CORECARE BEHAVIORAL
HEALTH MANAGEMENT, INC.,
doing business as, KIRKBRIDE
CENTER,

        Defendant.                    /

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ERIC BAINES ("Plaintiff"), by and through, the undersigned counsel, files this Complaint against Defendant, CORECARE BEHAVIORAL HEALTH MANAGEMENT, INC., doing business as, KIRKBRIDE CENTER ("Defendant"), and states as follows:

## INTRODUCTION

1. This is an age discrimination action brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.* ("ADEA"), and the Pennsylvania Human Relations Act P.L. 744, No. 222, as amended Act 34, 43 P.S. §§ 951-963 ("PHRA") by ERIC BAINES, a 70-year-old male who was terminated from his employment as a behavioral

health technician or no reason other than his age. Mr. Baines seeks all legal and equitable relief available under the ADEA and the PHRA.

## JURISDICTION, PARTIES, VENUE

2. This Court has federal-question jurisdiction pursuant 28 U.S.C. §1331. The Court has jurisdiction to grant declaratory relief and further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue in this Court is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendant resides and regularly conducts business in this judicial district.

4. Plaintiff, Eric Baines, was at the time material to this Complaint a 68 year-old man.

5. At all material times, Plaintiff was protected by the ADEA and PHRA because he is over forty years of age.

6. At all material times, Plaintiff was and is an "employee" as contemplated by the ADEA and PHRA.

7. This Court has supplemental jurisdiction over Plaintiff's PHRA claims as they arise out of the same facts as circumstances as the federal claims

8. Defendant is incorporated as a business corporation in the Commonwealth of Pennsylvania.

9. At all times material, Defendant was an "employer" as contemplated by the ADEA and PHRA.

## SATISFACTION OF CONDITIONS PRECEDENT

10. On or about December 16, 2019, Plaintiff filed a Charge for Age Discrimination with the Equal Employment Opportunity Commission ("EEOC") Charge No. 846-2020-00775. This Charge was cross-filed with the Philadelphia Commission on Human Relations ("PCHR"). All allegations contained in this Charge are hereby incorporated in this Complaint by reference.

11. On or about April 26, 2021, a Notice of Right to Sue was issued, attached hereto as **Exhibit A.**

12. After investigating the allegations in Plaintiff's Charge, the EEOC found reasonable cause to believe Defendant violated the statute(s) with respect to some or all of the matters alleged in Plaintiff's EEOC Charge. *See id.*

13. The lawsuit has been commenced within 90 days of receipt of the Notice of Right to Sue.

## STATEMENT OF FACTS/ GENERAL ALLEGATIONS

14. At all times material to this Complaint, Plaintiff was and continues to be a resident of Camden County, New Jersey.

15. From June 20, 2015, to his termination on July 23, 2019, Plaintiff was employed as a behavioral health technician, working for Defendant.

16. Plaintiff's place of work was 111 North 49th Street, Philadelphia, PA 19139.

17. Plaintiff's work performance was exemplary during his employment.

18. Prior to his termination, Plaintiff was never disciplined during his employment with Defendant.

19. When Plaintiff first began working for Defendant, he worked on the 3:00 p.m. to 11:30 p.m. shift.

20. During that time period, when he would request overtime, Defendant's head therapist "Leslie" told Plaintiff words to the effect that 'I'm not sure you can handle that at your age,' and would often deny him overtime.

21. "Leslie" also insinuated that Plaintiff was too old to deal with the population on her floor on numerous occasions.

22. Similarly, in 2017 through 2019, Defendant's overtime coordinator, Katary Sloan, when Plaintiff asked for overtime would make comments like 'Are you sure you can handle it OG?' and 'Are you sure you are up for it?' As a result, Plaintiff got less overtime than others.

23. In the months preceding his unlawful termination, Defendant began asking Plaintiff questions regarding his age, as well as the length of time he planned to work for Defendant.

24. For example, in 2019, Plaintiff was questioned about his age and his planned length of employment by Defendant's Assistant Nursing Director Linda Collins.

25. Also, in 2018 and 2019, Defendant's Nurse in Charge, "Joann," would also call attention to Plaintiff's age and question his ability to perform his job, due to his age.

26. Moreover, in 2018 and 2019, Plaintiff was called "Grandpa" and other derogatory and age-related offensive names by Defendant's staff members.

27. On July 23, 2019, Plaintiff's employment was terminated.

28. Defendant purported to terminate Plaintiff's employment for violation of a policy regarding patient "rounds."

29. Plaintiff received a Corrective Action Form indicating the reason he was terminated was for failure to follow policies/procedures.

30. Defendant did not terminate younger employees for violations of the same policy he was alleged to have violated.

31. Younger employees received verbal or written reprimands for

violation of the policy Plaintiff was alleged to have violated. Younger employees were not immediately terminated for such violations.

32. Moreover, had Defendant properly investigated the alleged incident at issue pursuant to its normal practices, several witnesses, as well as video surveillance, could verify that no violation of policy had occurred.

33. Although Plaintiff was working with another employee, Khalil Brown, during the shift in which the "rounds" policy was alleged to have been violated, Mr. Brown was not disciplined related to the alleged incident.

34. Indeed, Defendant did not even question Mr. Brown related to the alleged incident.

35. Mr. Brown was, and is, under forty.

36. Defendant neither questioned Mr. Brown, nor reviewed any of the ample video footage available for Plaintiff's floor and the exits to the building, despite Plaintiff's specific request that same be done to confirm that Plaintiff had not violated any policy.

37. Defendant did not investigate the issue because it wanted to terminate Plaintiff due to his age, and used the alleged infraction as pretext to do so.

38. Plaintiff is aware of at least ten (10) other employees over the age of forty (40) that Defendant terminated within the approximately twelve

(12) month period before Plaintiff's termination.

39. Upon information and belief, Defendant has replaced each of those employees with employees who were significantly younger.

40. Upon information and belief, Defendant engaged in a concerted and discriminatory effort to replace its older workers with younger workers. In order to accomplish this, Defendant used several unlawful techniques, including unequal enforcement of its disciplinary rules, and unequal application of its progressive discipline policies.

41. Had Defendant not discriminated against Plaintiff on the basis of his age, Plaintiff would have continued to work for Defendant as a behavioral health technician.

## COUNT I
## AGE DISCRIMINATION UNDER THE ADEA

42. Plaintiff re-alleges and reavers paragraphs 1 through 41 of the Complaint, as if fully set forth herein.

43. Plaintiff was over the age of forty (40) at all times material to this complaint.

44. Plaintiff suffered an adverse employment action.

45. Plaintiff was treated less favorably than those who were significantly younger than he was.

46. Plaintiff suffered adverse action and disparate treatment due to

his age.

47. The subjection of Plaintiff to disparate treatment and adverse employment actions by Defendant in whole or substantial part because of his age was a violation of the ADEA.

48. The age-discriminatory conduct of Defendant and its agents proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits.

49. Defendant's treatment of Plaintiff also caused him irreparable harm through the violation of his rights against age discrimination, for which there is no adequate remedy at law.

50. Defendant's age-discriminatory behavior towards Plaintiff was willful, entitling him to liquidated damages.

51. Plaintiff is entitled to damages, including actual damages, liquidated damages, and to recover reasonable attorneys' fees, litigation expenses and costs.

WHEREFORE, Plaintiff, ERIC BAINES, respectfully requests entry of judgment:

    a. Reinstating Plaintiff to his position as Behavioral Health Technician, or awarding Plaintiff front pay to the extent reinstatement is not practicable;

    b.    awarding judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for its age discriminatory acts;

    c.    awarding judgment against Defendant for liquidated damages;

    d.    awarding Plaintiff his costs, including reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b); and

    e.    granting such other and further relief deemed proper by this Court.

## COUNT II
## UNLAWFUL AGE DISCRIMINATION IN VIOLATION OF PHRA

52. Plaintiff re-alleges paragraphs 1 through 41 of the Complaint, as if fully set forth herein.

53. Plaintiff was over the age of forty (40) at all times material to this complaint.

54. Plaintiff suffered an adverse employment action.

55. Plaintiff was treated less favorably than those who were significantly younger than he was.

56. Plaintiff suffered adverse action and disparate treatment due to his age.

57. The subjection of Plaintiff to disparate treatment and adverse

employment actions by Defendant in whole or substantial part because of his age was a violation of the PHRA.

58. The age-discriminatory conduct of Defendant and its agents proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits.

59. Defendant's treatment of Plaintiff also caused him irreparable harm through the violation of his rights against age discrimination, for which there is no adequate remedy at law.

60. Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of Defendant's violation of his civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future.

61. As a result of Defendant's conduct, Plaintiff is entitled to compensation for any and all lost wages and benefits, compensatory damages, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ERIC BAINES, respectfully requests entry of judgment:

    a. Reinstating Plaintiff to his position as Behavioral Health Technician, or awarding Plaintiff front pay to the extent

reinstatement is not practicable;

b. awarding judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for its age discriminatory acts;

c. awarding judgment against Defendant for compensatory damages;

d. awarding Plaintiff his costs, including reasonable attorneys' fees; and

e. granting such other and further relief deemed proper by this Court.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated this 27th day of May, 2021.

Respectfully submitted,

/s/ Angeli Murthy

Angeli Murthy, Esquire
PA Bar No.: 93699
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Telephone: (954) 318-0268
Facsimile: (954) 327-3016
E-mail: amurthy@forthepeople.com
*Trial Counsel for Plaintiff*

11

## VERIFICATION

I, **ERIC BAINES**, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

Dated: 5/26/21

_____
ERIC BAINES