**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

ERIC BAINES,                                                  CASE NO.: 2:21-cv-02419-CDJ

         Plaintiff,

vs.


CORECARE BEHAVIORAL HEALTH
MANAGEMENT, INC., doing business
as, KIRKBRIDE CENTER,

         Defendant.        /

**JOINT STATUS REPORT**


Basis of Jurisdiction: <u>Plaintiff regularly performed work for Defendant in this district.</u>

Jury Trial: <u>X</u> Non-Jury Trial: _____ Arbitration: _____

Plaintiff's counsel participating in the Rule 16 Conference: <u>Angeli Murthy</u>

Defendant's counsel participating in the Rule 16 Conference: <u>John O'Riordan</u>

Do counsel have full authority to settle at Rule 16 Conference? <u>No.</u>

If not, client with such authority who will attend conference:
<u>Eric Baines; Chris Fleming for Defendant.</u>

When did the parties hold the Rule 26 Conference? <u>July 15, 2021</u>

When did the parties comply with Rule 26(a)'s duty of self-executing disclosure?
<u>Plaintiff: August 20, 2021, Defendant: August 23, 2021</u>

Plan for Discovery:

1. The parties anticipate that discovery should be completed within <u>120</u> days.

2. What is the minimum amount of time necessary to complete discovery prior to an ADR session, should one be ordered or agreed to? <u>90</u>

3. Have the parties discussed issues relating to claims of privilege or of protection as trial preparation material, as required by Rule 26(f)(3)(D)?
Yes. The Parties may claw back inadvertently produced material.

4. Identify any other discovery issues which should be addressed at the Rule 16 Conference, including limitations on discovery, protective Orders needed, or other elements which
should be included in a particularized discovery plan:
Plaintiff served his first set of discovery on July 28, 2021, Defendant responded and objected on September 29, 2021 and produced several hundred pages of documents. The parties thereafter suspended discovery efforts while they attempted to resolve the matter with the assistance of a Magistrate Judge. When those efforts were unsuccessful, Plaintiff served his Second Request for Production on January 10, 2022, Defendant has responded. Defendant served its first set of discovery on May 27, 2022.  The Parties have conferred regarding disputed discovery issues, which eventually resulted in a narrowing of the scope of discovery requests.  Due to the illness and death of the daughter of Defendant's counsel, Defendant requested, and Plaintiff granted, extensions to provide additional responsive information and documentation. Defendant has committed to provide the supplemental information and documents by next Friday (June 3, 2022). Plaintiff hopes to receive same at that time, but if he does not, will file a motion to compel.

5. If you contend the discovery period should exceed 90 days, please state reason:
Plaintiff's counsel has trials, mediations, and depositions already scheduled in June and July, 2022, and likely will not be able to conduct depositions until August, 2022.  While Plaintiff's counsel previously requested dates at the end of June to depose Defendant's witnesses, Plaintiff has not received their availability, and those dates are no longer available. The witnesses Plaintiff wishes to depose are available in August, 2022.

Does either side anticipate the use of experts? No
If yes, what is the proposed deadline for expert discovery?

Does either side expect to file a case-dispositive motion? Yes, Defendant (yes/no)
If yes, under what Rule? Rule 56
If yes, specify the issue:  No material issues of fact regarding age discrimination.
Plaintiff does not anticipate filing a motion for summary judgment at this time. However Plaintiff reserves and does not waive the right to do so, should facts adduced in discovery make such a motion appropriate.

Proposed deadline for filing dispositive motions: October 15, 2022

Approximate date case should be trial-ready: December 1, 2022

Time for Plaintiff's case: 2 days. Time for Defendant's case: 2 days.

What is the outcome of your discussions with your clients about proceeding before a Magistrate Judge for final disposition?  Do not agree.

Is a settlement conference likely to be helpful? Yes (yes/no)

If so, when: Early No (yes/no) After Discovery Yes (yes/no)

Respectfully submitted this 27th day of May, 2022.

| | |
|---|---|
| **/s/ ANGELI MURTHY** | **/s/ JOHN F. O' RIORDAN** |
| ANGELI MURTHY, ESQUIRE | JOHN F. O'RIORDAN, ESQUIRE |
| PA Bar No.: 93699 | PA Bar No.: 59311 |
| MORGAN & MORGAN, P.A. | O'RIORDAN LAW FIRM |
| 8151 Peters Road, Suite 4000 | 1845 Walnut Street, Suite 1100 |
| Plantation, Florida  33324 | Philadelphia, PA 19103 |
| Telephone:  954-318-0268 | Telephone:  215-568-6864 |
| Facsimile:  954-327-3016 | Facsimile:  215-701-7523 |
| E-mail: amurthy@forthepeople.com | E-mail: jfo@oriordanlaw.com |
| *Trial Counsel for Plaintiff* | *Trial Counsel for Defendant* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of May 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which I understand will send notification of such filing to all counsel of record.

*/s/ Angeli Murthy*
Angeli Murthy, Esq.

3