IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC BAINES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CORECARE BAHAVIORAL | : | |
| HEALTH MANAGEMENT, INC. | : | |
| d/b/a KIRKBRIDE CENTER | : | NO. 21-2419 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                            January 30, 2023

      Plaintiff alleges that he was unlawfully terminated in July 2019 on the basis of his age in violation of federal and state law. Defendant has filed three motions in limine, seeking to preclude (1) evidence of the Equal Employment Opportunity Commission's ("EEOC") reasonable cause finding (Doc. 26), (2) testimony regarding Defendant's alleged targeting of older employees for termination (Doc. 27), and (3) evidence regarding other charges, lawsuits, or claims of discrimination (Doc. 29). Because the discussion of these motions is somewhat intertwined, I address the motions in one decision, and for the reasons that follow, grant Defendant's motions.

**I.**     **EEOC's Determination** (Docs. 26 & 34)

      On September 28, 2020, the EEOC issued a two-page "Determination" finding reasonable cause to believe that Defendant violated the Age Discrimination in Employment Act ("ADEA"). Doc. 26-1 at 9-10 ("EEOC Determination"). Defendant asks the court to preclude evidence of the EEOC's reasonable cause finding, claiming that it is irrelevant and that its probative value is substantially outweighed by the danger

of unfair prejudice and confusion. Id. at 3. Plaintiff responds that he does not intend to introduce the EEOC letter nor quote from the determination. Doc. 34 at 2. However, Plaintiff contends that he "must be permitted to mention the fact of the probable cause finding, and to question witnesses regarding same because it is probative of . . . willfulness," which is an element in Plaintiff's claim for liquidated damages under the ADEA). Id. Specifically, Plaintiff states that he wants to establish that the decision-makers were not questioned as part of any investigation, and the personnel files contained no evidence that any EEO charge had been filed. Id. at 3.

The caselaw is clear that the court has discretion to exclude evidence of an EEOC reasonable cause determination by weighing its probative and prejudicial values under Federal Rule of Evidence 403. Coleman v. Home Depot, Inc., 306 F.3d 1333, 1347 (3d Cir. 2002). The plaintiff in Coleman alleged race, gender and age discrimination in her employer's refusal to give her a job in sales and in terminating her from her cashier position. The EEOC investigated her claims and found reasonable cause to conclude that the plaintiff was discriminated against on the basis of gender and race, and its report concluded that it "[h]as uncovered evidence which indicates that respondent has discriminated against females with respect to hiring and other terms and conditions of employment." Id. at 1337 n.1, 1340 (quoting the EEOC Determination). In affirming the trial court's exclusion of the evidence, the Third Circuit determined that the most compelling argument to preclude the EEOC report was that it would have "created the potential risk of undue delay and waste of time" because the defendant "would have had to rebut the EEOC's finding that the company engaged in a pattern of race and gender

discrimination by presenting information about numerous former . . . employees." Id. at 1347.[1]

Plaintiff contends that Coleman is not dispositive in this case because "the EEOC Letter [here] contains none of the Rule 403-offending criteria found in Coleman." Doc. 34 at 4-5 (citing Coleman, 306 F.3d at 1346-47). Contrary to this contention, the EEOC Determination here contains conclusions regarding Defendant's treatment of another individual allegedly guilty of similar conduct but not terminated and a conclusion that "agents of [Defendant], including the individual that discharged Mr. Baines, held a discriminatory animus towards those in the protected age group." EEOC Determination. Like the defendant in Coleman, Defendant would have to rebut these findings, delving into issues beyond Plaintiff's termination.

Moreover, Plaintiff can accomplish his goal without reference to the EEOC Determination.

> I will exclude [the EEOC report] under Rule 403 as unduly prejudicial and cumulative. If the determination letter comes into evidence, it will be a sideshow that distracts the jury and lengthens the trial. The report is not binding on the jury. The defendant will have to spen[d] a substantial amount of time discrediting the investigation, which will needlessly extend the trial. While plaintiff's case will parallel the ground covered by the EEOC report, plaintiff does not contend that evidence in the EEOC determination and investigation cannot

---

[1] The Third Circuit noted that the EEOC Determination would be admissible under Federal Rule of Evidence 803(8)(C) (factual findings of public agencies in civil proceedings are not excluded by the hearsay rule unless the sources of information indicate lack of trustworthiness), but that the evidence could still be excluded under Rule 403 if its probative value was substantially outweighed by its probative value. Coleman, 306 F.3d at 1341-43.

>be presented through first-person witnesses or other documents.

EEOC v. Smokin' Joe's Tobacco Shop, Inc., Civ. No. 06-1758, 2007 WL 2461745, at *7 (E.D. Pa. Aug. 22, 2007). I agree with this analysis and that the risk of prejudice and confusion from admission of the EEOC Determination substantially outweighs its probative value. Plaintiff's claimed need for the EEOC determination is to establish Defendant's failure to properly investigate Plaintiff's discrimination complaint. This can be accomplished by eliciting evidence regarding Defendant's response to Plaintiff's complaint of discrimination without mention of the EEOC proceedings/conclusions. Thus, I will grant Defendant's motion to exclude reference to the EEOC Determination.

## II. Other Allegations of Discrimination (Docs. 29 & 35)

Defendant next seeks to preclude evidence regarding other charges, lawsuits, and claims of discrimination. Doc. 29. Specifically, Defendant suspects based on Plaintiff's initial disclosures and discovery responses that he intends to present evidence of other instances of alleged discrimination by Defendant. See Doc. 29 at 2-3 (referring to disclosures identifying four former employees who had "first-hand experience" with age discrimination from Defendant, and two prior federal court complaints by former employees against Defendant). Plaintiff responds that evidence of other age discrimination lawsuits is relevant to the question of willfulness under the ADEA, and that "Defendant's knowledge of, and reaction to, the allegations of prior lawsuits goes to the heart of its good faith defense." Doc. 35 at 1, 2.

4

Federal Rule of Evidence 404(b) prohibits the admission of "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." F.R.E. 404(b)(1). However, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. 404(b)(2).

> To be admissible under the Rule 404(b), other acts evidence must meet the following four part test:
> (1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the district court must charge the jury to consider the evidence only for the limited purpose for which it was admitted.

Giuliani v. Polysciences, Inc., 275 F. Supp.3d 564, 573 (E.D. Pa. 2017) (quoting Becker v. ARCO Chem. Co., 207 F.3d 176, 189 (3d Cir. 2000) (internal quotations omitted)).

> "As a general rule, evidence of a defendant's prior discriminatory treatment of a plaintiff or other employees is relevant and admissible . . . to establish whether a defendant's employment action against an employee was motivated by invidious discrimination." Martinelli v. Penn Millers Ins. Co., 269 F. App'x 226, 228 (3d Cir. 2008) (citation omitted). However, that evidence "must have a proper purpose and be admissible" under the Federal Rules of Evidence; and, "[t]he proponent of such evidence must be able to articulate a way in which the tendered evidence logically tends to establish or refute a material fact in issue, and that chain of logic must include no link involving an inference that a bad person is disposed to do bad acts." Id. at 228.

Graham v. Monmouth Cty. Bldgs. & Grounds, Civ. No. 16-1578, 2020 WL 3923921, at *3 (D.N.J. July 10, 2020). "[T]he question of whether evidence of discrimination against

5

other employees by other supervisors is relevant is fact based and depends on several factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." Mandel v. M&Q Packaging Corp., 706 F.3d 157, 167 (3d Cir. 2013) (citing Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 388 (2008)). "Among the factors relevant to the determination as to whether or not to allow the introduction of 'me too' evidence in employment discrimination cases are whether the alleged discriminatory behavior by the employer is close in time to the events at issue in this case; whether the same decision-makers were involved; whether the witness and the plaintiff were treated in a similar manner; and whether the witness and plaintiff were otherwise similarly situated." Graham, 2020 WL 3923921, at *3 (quoting Barnett v. Pa. Consulting Grp. Inc., 35 F. Supp.3d 11, 22 (D.D.C. 2014)).

Here, Defendant anticipates that Plaintiff will seek to introduce evidence of two prior age discrimination lawsuits that were filed based on terminations that took place in December 2013 and January 2014. Doc. 29 at 3-4.[2] Plaintiff responds that he seeks to admit the lawsuits "for the limited purpose of demonstrating Defendant's lack of good faith," relevant to the question of willfulness under the ADEA for purposes of liquidated damages. Doc. 35 at 3.

The terminations giving rise to the two federal lawsuits occurred in December 2013, see Ali v. Core Care Sys. Inc., Civ. No. 16-4338, Doc. 1 ¶¶ 19, 28 (E.D. Pa.), and

---

[2]Plaintiff does not identify the former employees who filed lawsuits, but based on the deposition excerpts attached to Plaintiff's response, referring to federal court complaints filed in August of 2016 and December 2015, see Doc. 35 at 2 (referring to Doc. 35-2 at 2), it appears that both sides are referring to the same lawsuits.

January 2014. See Kakumiba v. Corecare Behavioral Health Mgmt., Inc., Civ. No. 15-6795, Doc. 1 ¶¶ 19, 31 (E.D. Pa). The plaintiffs in those cases identified the same supervisor as responsible for various disciplinary actions and making ageist comments. Ali, Doc. 1, ¶¶ 22-28, Kakumiba, Doc. 1 ¶¶ 22-32. That individual is not identified in Plaintiff's complaint, and Defendant has represented that the supervising employee identified in the prior lawsuits left the employ of Defendant in September 2015, prior to any of the age discrimination allegations in Plaintiff's complaint. See Doc. 29 at 3; Doc. 1 ¶¶ 20-27.³

According to the deposition excerpts Plaintiff has provided, neither Mary Mazza, Defendant's Director of Human Relations, nor Marlene Douglas-Walsh, Defendant's Executive Director, was familiar with the prior age discrimination lawsuits. Docs. 35-1 at 2 (Dep. of Mazza), 35-2 at 2 (Dep. of Walsh). Plaintiff argues that "Defendant's knowledge of, and reaction to the allegations in prior lawsuits goes to the heart of its good faith defense" and "the existence of these prior suits makes the response, or lack thereof, to [Plaintiff's] charge even more egregious, demonstrating a willful violation of the ADEA through the subsequent failures of investigation, counseling, and documentation." Doc. 35 at 2.

---

³Plaintiff's complaint alleges that "during [the] time period" when he was working the evening shift after being hired in June 2015, a head therapist named Leslie used ageist statements and denied him overtime. Doc. 1 ¶¶ 15, 19-20. All other alleged ageist conduct occurred in 2017 or later. Id ¶¶ 22-27. In the two prior complaints, the individual alleged to have made ageist comments was named Mary. Ali, Doc. 1 ¶¶ 22-26; Kakumiba, Doc. 1 ¶¶ 22-32.

Although Plaintiff has proffered an acceptable basis for the admission of this evidence, he has failed to establish its relevance to that end. Plaintiff seeks to use the fact that the Human Relations Director and the Executive Director were not familiar with these particular prior age discrimination cases to argue that Defendant failed to learn from its mistakes and did not adequately address Plaintiff's discrimination claims. However, Defendant has failed to establish the nexus between the two. There is no evidence before the court regarding the differences in the ways the earlier claims were handled versus how Plaintiff's claim was handled. The jury would be required to infer that Defendant acted in accordance with its prior policies and assume that those prior policies were insufficient to address a claim of age discrimination. Such inferences and assumptions are not permitted. Graham, 2020 WL 3923921, at *3 (citing Martinelli, 269 F. App'x at 228); see also Becker, 207 F.3d at 191 ("the proponent must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged").

In addition, I conclude that the admission of these earlier suits is more prejudicial than probative. Although the earlier suits alleged discrimination based on age, that is where the similarity ends. The earlier suits involved a different decision-maker and are removed in time from Plaintiff's termination by more than five years. As previously noted, Plaintiff seeks to introduce this evidence to show that Defendant failed to educate its supervisory staff and human relations personnel about age discrimination and the handling of claims of such discrimination, but has offered nothing other than the

existence of the earlier cases to support this theory. Evidence regarding the prior lawsuits will be precluded.

Defendant also seeks to exclude the testimony of former employees regarding their allegedly discriminatory experiences while employed by Defendant. Doc. 29 at 6-11. Plaintiff responds that he intends to use such testimony to prove Defendant's motive or intent. Doc. 35 at 5.[4] I conclude that, like the prior lawsuits evidence, the admissibility of this evidence requires the court to make the leap in logic that past performance dictates future actions.

> [W]hile [Plaintiff] may have demonstrated that the evidence is relevant logically to the issue of [Defendant's] intent, the inquiry under Rule 404(b) requires a more searching analysis which also focuses on the chain of inferences supporting the proffered theory of logical relevance. In Morley, we recently reiterated the self-evident proposition that "a proponent's incantation of the proper uses of [Rule 404(b) evidence] . . . does not magically transform inadmissible evidence into admissible evidence." [United States v.] Morley, 199 F.3d [129,] 133 [(3d Cir. 1999)]. Indeed, when a proponent of Rule 404(b) evidence contends that it is both relevant and admissible for a proper purpose, "the proponent must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged." See id. (internal quotation marks omitted); [United States v.] Himelwright, 42 F.3d [777,] 782 [(3d Cir. 1994)] (citing United States v. Jemal, 26 F.3d 1267, 1272 (3d Cir. 1994)); Government of the Virgin Islands v. Pinney, 967 F.2d 912, 915 (3d Cir. 1992) ("In order . . . to admit evidence under Rule 404(b), a court must be able to articulate a way in which the tendered evidence logically tends to establish or refute a

---

[4]Plaintiff states that he does not intend to introduce the testimony from former employees to establish a pattern or practice of discrimination. Doc. 35 at 4. Nor does he intend to elicit testimony regarding the employees' perceived reasons for their own termination. Id.

9

> material fact in issue, and that chain of logic must include no link involving an inference that a bad person is disposed to do bad acts.").

Becker, 207 F.3d at 191.

Here, Plaintiff has not proffered the proposed testimony with sufficient specificity to establish the necessary links in the chain to avoid the prohibited inferences under Rule 404(b). Plaintiff proffers only that unidentified coworkers will provide unspecified testimony that at unspecified times during Plaintiff's employment the decisionmakers in Plaintiff's case made ageist comments. Doc. 35 at 4. This is insufficient to establish the testimony's relevance. For example, if Plaintiff anticipated coworker testimony that a supervisor made an ageist comment to Plaintiff or in Plaintiff's presence, or made an ageist comment about Plaintiff to the coworker, the coworker's testimony would be relevant and admissible. Or if the coworker's testimony concerned a supervisor's ageist statements during the same time frame concerning the same group of employees, Plaintiff would be on stronger ground. See, e.g., Yochum v. FJW Investment, Inc., Civ. No. 11-378, 2016 WL 4593755, at *2-3 (M.D. Pa. Sept. 2, 2016 (in religious discrimination in employment case, admitting "me too" evidence of other sales representatives who experienced similar religious training sessions by same owner, to show owner exerted control over employees and created atmosphere mandating sales staff follow a certain belief system). But here, without any specificity as to the nature of the anticipated testimony, despite Plaintiff's insistence that he would offer the coworker evidence only to establish Defendant's intent, the jury would be required to infer that Defendant acted in conformity with other allegedly discriminatory behavior, which is not permissible. For

these reasons, I will grant Defendant's motion to preclude evidence of other charges, lawsuits, or claims of discrimination.

### III. <u>Evidence of Targeting Older Employees</u> (Docs. 27 & 36)

In Plaintiff's Complaint, he alleges that he "is aware of at least ten (10) other employees over the age of forty (40) that Defendant terminated within the approximately twelve (12) month period before Plaintiff's termination." Doc. 1 ¶ 38. Defendant's last motion addresses this evidence, asking the court to preclude testimony regarding Defendant's alleged targeting of older employees for termination because it is based on speculation in violation of Federal Rule of Evidence 701. Doc. 27. In his response, Plaintiff argues that "[b]ecause the pattern [regarding terminations of older employees] is probative of discrimination, Plaintiff can testify as to his belief regarding same." Doc. 36 at 3. He states that he plans to testify based upon his own "observation and experience," and to offer documents (not identified) "evidence[ing] Defendant's pattern of terminating older employees and hiring younger employees." <u>Id.</u>

Federal Rule of Evidence 701 governs the admissibility of lay opinion testimony.

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

F.R.E. 701. The Rule, by its terms, requires that the lay opinion satisfy all of the criteria in order to be admissible. <u>Hirst v. Inverness Hotel Corp.</u>, 544 F.3d 221, 225 (3d Cir. 2008).

Here, Plaintiff's testimony that other employees were terminated based on age fails to meet the first and second criteria, because such testimony is based on pure speculation. "The requirement that a lay opinion be rationally based on the witness' perception requires that the witness have firsthand knowledge of the factual predicates that form the basis for the opinion." Gov't of Virgin Islands v. Knight, 989 F.2d 619, 629 (3d Cir. 1993). Here, Plaintiff has no first-hand knowledge of the reasons for each employee's termination. When questioned about the other terminated employees to whom he referred in his Complaint and discovery responses, Plaintiff testified that the only basis for his belief that each was terminated based on age was that each was "older." "I don't really have a lot of particulars about any of the people I listed that were terminated. I just know the one overriding factor was that they were all older." Baines Dep. at 84 (Doc. 27-1 at 26). Such speculation is insufficient to meet the first and second prongs of the Rule 701 test. See Keiser v. Borough of Carlisle, Civ. No. 15-450, 2017 WL 4158694, at *6 (M.D. Pa. Sept. 18, 2017) (excluding testimony from former council member that age played a role in termination of public works director when that opinion was not based on first-hand knowledge).

In the motion, Defendant also seems to request the preclusion of "evidence" in addition to Plaintiff's testimony regarding the alleged targeting of older employees. See Docs. 27-1 (Memorandum) & 27-1 (Proposed Order). Plaintiff contends that Defendant's argument is limited to testimony and Plaintiff should be permitted to use "Defendant's own documents showing its own hiring patterns" to support Plaintiff's claim of age discrimination. Doc. 36 at 3.

In its Memorandum, Defendant's argument is limited to Federal Rule of Evidence 701, related to the admission of lay opinions.  See Doc. 27-1 at 2-4.  The documents attached to the motion are the Complaint and excerpts of Plaintiff's deposition in which he states that he does not "have a lot of particulars about any of the people I listed that were terminated."  See Doc. 27-1 at 10-26 (Complaint), 23-26 (Deposition excerpts).  I have found that such opinions are precluded.  Neither side has provided the court with the "evidence" which Defendant seeks to preclude, see Docs. 27-1 at 1, 4 (Memorandum), 27-2 (Proposed Order), nor the documents referred to by Plaintiff.  Doc. 36 at 3.  As such, the issue regarding the admissibility of evidence other than Plaintiff's testimony regarding the alleged targeting of older employees has not been properly presented for decision and will not be addressed at this time.  If Plaintiff wishes to introduce any documents regarding employees other than Plaintiff, they must be identified in the parties' pretrial stipulation so the issue can be addressed before any such documents are shown to the jury.

An appropriate Order follows.